NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| MARYELLEN MCGUIRE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 06-1745 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHN E. POTTER, POSTMASTER GENERAL, et al., | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on an unopposed motion by defendants John E. Potter, Postmaster General, and the United States of America, substituted in place of Postmaster Steven Romero[1] ("Defendants"), to dismiss the claims of plaintiff Maryellen McGuire ("McGuire"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the motion will be granted.

---

[1] Upon certification that Postmaster Steven Romero was acting in the scope of his postal employment at all times during the relevant incidents pertinent to this matter, the United States of America was substituted in his place as a defendant on April 17, 2006. See 28 U.S.C. § 2679(d).

I.   **BACKGROUND**[2]

McGuire began her employment with the United States Postal Service ("USPS") in 1992 at the Collingswood, New Jersey, Post Office ("PO").  In 1996, she was laid off due to a reduction in the work force by USPS, however, she was rehired as a part-time flex employee assigned to the Pemberton PO in 1997.  Shortly thereafter, Steven Romero assumed a supervisory role at the Pemberton PO.  While under Romero's supervision, McGuire alleges that she was subjected to discriminatory conduct relating to her sexual orientation and struggle with alcoholism.

Eventually, McGuire was transferred to the Marlton PO.  In April 2003, she took a temporary leave of absence from her employment to care for her ailing mother.  Upon her return to work at the Marlton PO, McGuire was once again placed under the supervision of Steven Romero.  McGuire alleges that Steven Romero and her fellow employees made hostile and abusive comments towards her.  As a result, McGuire reported information about these comments to the Equal Employment Opportunity Commission ("EEOC").  Moreover, on May 27, 2004, McGuire engaged in a verbal altercation with "the abovementioned individuals" following their alleged "pervasive taunts." (Compl. at 6.)  As a consequence of

---

[2] Because the Court must accept all well-pleaded allegations as true for the purposes of the motion to dismiss, the following background is taken from McGuire's allegations as stated in her complaint and is not intended to constitute findings of fact.

this altercation, McGuire was suspended.

Upon her return to work, McGuire alleges that the hostile and abusive comments directed toward her continued. Sometime thereafter, McGuire was permitted to take sick leave stemming from her alcohol dependency. She alleges that her employer refused reasonable accommodation for the treatment of her disability and refused to grant her permission to return to work following her temporary absence.

McGuire originally brought this action in the Superior Court of New Jersey, Law Division, Camden County, against Defendants, alleging violations of the New Jersey Law Against Discrimination ("LAD"), the New Jersey Conscientious Employee Protection Act ("CEPA"), and an employment contract with the USPS. She alleges that Defendants violated the LAD by discriminating against her based on her sexual orientation and alcohol dependency, and violated CEPA by retaliating against her after she reported the alleged discrimination to the EEOC. Additionally, McGuire asserts that Defendants violated her written employment contract by suspending her from work and refusing to allow her to return to her position.

Defendants removed this action to this Court pursuant to 28 U.S.C. §§ 1441, 1442(a), 2679(d)(2), and 39 U.S.C. § 409(a). Defendants now move to dismiss McGuire's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be

granted.

## II.  RULE 12(b)(6) STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted only if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Rockefeller Ctr. Properties, Inc., Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002).  A motion to dismiss "tests the legal sufficiency of the complaint." In re ATI Tech., Inc., Sec. Litig., 216 F. Supp. 2d 418, 427 (E.D. Pa. 2002) (citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). "The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller, 311 F.3d at 215.

Consequently, the Court must "accept all well-pleaded allegations in the complaint as true and . . . draw all reasonable inferences in favor of the non-moving party." Id. at 215 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). However, the court need not credit "bald assertions" or "legal conclusions draped in the guise of factual allegations." In re Rockefeller, 311 F.3d at 215 (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997)).

**III.   ANALYSIS**

   **A. LAD Claims**

Defendants argue that McGuire cannot proceed under her LAD claims because she was an employee of the USPS.  They posit that her exclusive remedy, if any, for federal workplace claims of discrimination is found in Title VII and in the Rehabilitation Act, and that New Jersey law is wholly inapplicable.  This Court agrees.

The question before the Court in this matter is whether McGuire, in her capacity as a an employee of the USPS, is precluded from bringing workplace discrimination claims under the LAD.  Congress has designated Title VII as the sole statutory remedy for federal employees who wish to pursue employment discrimination claims against their employer.  See 42 U.S.C. § 2000e-2; Brown v. General Services Administration, 425 U.S. 820, 829 (1976) ("[T]he structure of the 1972 amendment [that provided federal employees with a remedy under Title VII] itself fully confirms the conclusion that Congress intended it to be exclusive and pre-emptive."); Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997) ("Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, establishes the exclusive remedy for federal employees who allege discrimination in the workplace.").  Within Title VII, Congress expressly extended coverage to employees of the United States Postal Service.  42 U.S.C. § 2000e-16(a).  The

5

language of Title VII is clear and unambiguous: "All personnel actions affecting employees or applicants for employment . . . in the United States Postal Service . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." Id.  Accordingly, because McGuire was an employee of the USPS, Title VII precludes her from bringing claims for workplace discrimination based on her sexual orientation under the LAD.

Similarly, McGuire may not bring claims for workplace discrimination based on her alcoholism under the LAD.  A USPS employee's exclusive remedy for a claim of unlawful workplace discrimination based on handicap is provided by the Rehabilitation Act, 29 U.S.C. §§ 791, 794a, which expressly adopts the remedies and procedures established in Title VII.  See Spence v. Straw, 54 F.3d 196, 197 (3d Cir. 1995) (holding that suit brought under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-797, "is the exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination").  Alcoholism is a handicapping condition within the purview of the Rehabilitation Act.  Sullivan v. City of Pittsburgh, 811 F.2d 171, 182 (3d Cir. 1987).  Accordingly, McGuire's cause of action, if any, against Defendants for workplace discrimination based on her alcoholism is in the Rehabilitation Act and not in state law.

6

Inasmuch as McGuire's complaint makes clear that she is not asserting any claims under Title VII and the Rehabilitation Act, she has not stated a claim in her complaint upon which relief can be granted.[3]  Therefore, Defendants' Rule 12(b)(6) motion to dismiss all claims brought pursuant to the LAD must be granted.

**B. CEPA Claims**

Defendants also argue that McGuire cannot proceed under her CEPA claim because the federal government is not an "employer" within the meaning of CEPA.  Moreover, Defendants claim that McGuire's exclusive remedy, if any, for federal workplace retaliation is found in Title VII.  Because CEPA does not extend coverage to the USPS and its employees, this Court finds that McGuire's CEPA claims must be dismissed.

The New Jersey Legislature enacted CEPA to "protect and encourage employees to report illegal or unethical workplace activities and to discourage public and private sector employers from engaging in such conduct."  Dzwonar v. McDevitt, 828 A.2d 893, 900 (N.J. 2003) (internal citation and quotations omitted).  Under CEPA, an "employer" is defined as:

> [A]ny individual, partnership, association,

---

[3] This Court is merely holding that McGuire, as an employee of the United States, cannot maintain her LAD claims against Defendants.  This Court is not ruling on whether McGuire has a viable claim against Defendants under Title VII or the Rehabilitation Act.

>     corporation or any person or group of persons
>     acting directly or indirectly on behalf of or
>     in the interest of an employer with the
>     employer's consent and shall include all
>     branches of State Government, or the several
>     counties and municipalities thereof, or any
>     other political subdivision of the State, or
>     a school district, or any special district, or
>     any authority, commission, or board or any
>     other agency or instrumentality thereof.

N.J. Stat. Ann. § 34:19-2a. In order for McGuire to proceed in her CEPA claims, the USPS must fall within the purview of this definition of "employer."

Within New Jersey, is well settled that a court must begin its interpretation of a statute with the actual language of the statute, giving the words used their plain meaning. See In re Estate of Santolino, 384 N.J. Super. 567, 578, 895 A.2d 506, 512 (Ch. Div. 2005) (citations omitted) ("Where the wording of a statute is clear and explicit, judicial interpretation other than that called for by the language expressed therein is not permissible."). Accordingly, if the language is clear, the sole function of the court is to enforce it according to its terms. Id. at 580, 895 A.2d at 514 (citing Velazquez v. Jiminez, 172 N.J. 240, 798 A.2d 51 (2002)).

A reading of the plain language of CEPA's definition of "employer" reveals that the New Jersey Legislature did not draft CEPA to extend to or cover any federal department, agency, or instrumentality, including the USPS, or individuals who act on behalf of the federal government in overseeing federal employees

(collectively "federal employers"). Instead, the New Jersey Legislature specifically included state, county, and municipal governments, officers, and agencies within the definition of "employer." N.J. Stat. Ann. § 34:19-2a.

Based upon this plain reading of CEPA, the canon of statutory construction <u>inclusio unius est exclusio alterius</u> (inclusion of one excludes the other) is appropriate here. This canon employs the rule that if the drafter of a statute mentions one circumstance specifically, the implication is that the other circumstances, which just as logically could have been mentioned, were intentionally omitted. <u>In re Estate of Santolino</u>, 384 N.J. Super. at 581, 895 A.2d at 514 (citing <u>Tp. Comm. of the Tp. of Neptune v. Stagg</u>, 312 N.J. Super. 312, 317, 711 A.2d 940 (App. Div. 1998)).

Clearly, within CEPA, the New Jersey Legislature contemplated when to include federal entities in the definition of certain terms. For example, under CEPA, the Legislature defined the term "public body" as including, <u>inter alia</u>, the United States Congress, the federal judiciary, federal regulatory and administrative agencies and instrumentalities, federal law enforcement agencies, federal departments of an executive branch of government, and "any division, board, bureau, office, committee or commission of the public bodies described in the above paragraphs of this section." N.J. Stat. Ann. § 34:19-2c.

9

Importantly, the Legislature omitted any such references to federal entities when defining "employers." Accordingly, it is not appropriate for this Court to read such language including federal entities, such as the USPS, into the otherwise plain language of the definition of "employer."

Thus, given the New Jersey Legislature's clear and unambiguous indication that federal employers do not fall within the definition of "employer" under CEPA, McGuire cannot proceed with her retaliation claim against Defendants. To the contrary, any retaliation claim McGuire may have against Defendants rests within the province of Title VII. See 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter."); see also Brown, 425 U.S. at 829. Given that McGuire did not assert any Title VII retaliation claims in her complaint, Defendants' Rule 12(b)(6) motion to dismiss all claims brought pursuant to CEPA must be granted.

### C. Breach of Contract Claims

Finally, Defendants argue that McGuire's claims brought under New Jersey common law principles for breach of contract are preempted by Title VII and the Rehabilitation Act, and must be dismissed. This Court agrees. Because McGuire's breach of

contract claim stems from the same facts that form the foundation for her discrimination claims, it is preempted by federal law. Consequently, McGuire's breach of contract claim must be dismissed.

As previously stated, Title VII provides the exclusive remedy for federal employees alleging discrimination in the workplace. Brown, 425 U.S. at 832-35. Likewise, the Rehabilitation Act is the exclusive remedy for federal employees alleging discrimination based on handicap or disability. Spence, 54 F.3d at 197. Accordingly, where a federal employee has brought an action alleging violations of both federal anti-discrimination statutes and state law based on the same set of facts, several courts have found that the state law claims are preempted. See, e.g., Mathis v. Henderson, 243 F.3d 446, 451 (8th Cir. 2001) ("'[W]hen the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim.'") (quoting Pfau v. Reed, 125 F.3d 927, 933 (5th Cir. 1997)); Rivera v. Heyman, 157 F.3d 101, 105 (2d Cir. 1998) (allowing plaintiffs to proceed on state law claims would "evade the holding of Brown that Title VII provides the sole remedy for federal employees alleging employment discrimination"); Blitzer v. Potter, No. 03 Civ. 6124(DLC), 2005 WL 1107064, at *18 (S.D.N.Y. May 6, 2005) (dismissing plaintiff's breach of contract claim against the USPS

because "[i]t is largely duplicative of his Title VII claim and is thus preempted"). Similarly, another judge in this District has held that where a federal employee brings an action for both breach of contract and discrimination based on an identical set of facts, the breach of contract claim is preempted by federal law and must be dismissed. Holmes v. F.A.A., No. CIV.A. 98-5071(JEI), 1999 WL 771594, at *3 (D.N.J. Sept. 29, 1999).

Similar to the plaintiffs in the cases listed above, McGuire attempts to recover from her former employer on state law grounds for actions that fall exclusively within the province of federal anti-discrimination laws. Like other courts that have addressed this matter, this Court is "unwilling – and under Brown [and Spence], unable – to give a plaintiff carte blanche to creatively plead . . . state-law causes of action" when the foundation of the claim is for employment discrimination based on sexual orientation and disability. Mathis, 243 F.3d at 451. Therefore, in light of the exclusivity effects of both Title VII and the Rehabilitation Act, Defendants' Rule 12(b)(6) motion to dismiss McGuire's breach of contract claim must be granted.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss McGuire's action for failure to state a claim upon which relief can be granted. The accompanying order shall

issue today.


Dated: October 6, 2006            s/ Robert B. Kugler
                                  ROBERT B. KUGLER
                                  United States District Judge